IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

---

| | |
|---|---|
| THOMAS M. HORRAS,<br><br>  Plaintiff,<br>vs.<br><br>AMERICAN CAPITAL STRATEGIES, LTD.,<br><br>  Defendant. | CASE NO. _____<br><br>COMPLAINT<br>and<br>JURY DEMAND |

COMES NOW, Mr. Thomas M. Horras, by and through the undersigned, and for his cause of action states as follows:

**PARTIES**

1. Plaintiff, Mr. Thomas M. Horras, is an individual, citizen of the State of Iowa.

2. Defendant, American Capital Strategies, LTD. (hereinafter "ACS") is a private equity fund with principle offices in a state other than Iowa.

**JURISDICTION**

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy is greater than $75,000. Plaintiff is a citizen of the State of Iowa and Defendant is a corporation, incorporated under the laws of a state other than Iowa, having its principal place of business in a state other than Iowa.

4. Venue is proper in this district under 28 U.S.C. § 1391.

**BACKGROUND**

5. Mr. Horras built a successful home health care business in the State of Iowa named Hawkeye Health Services, Inc.

6. Mr. Horras agreed to merge his business with other home health care providers in other states to form a Delaware corporation named Auxi, Inc.

7. Mr. Horras was issued 417,734 shares of Auxi, Inc.

8. Upon information and belief, sometime in either 2000 or 2001, the defendant put monies into Auxi, Inc. and took an equity position in the company.

9. The defendant acquired control of Auxi, Inc. by acquiring seats on the Board of Directors.

10. In May, 2007, Auxi, Inc. shares were sold to Harden Health Care LLC (hereinafter "HHC") out of Austin, Texas.

11. Mr. Horras was not informed of the sale.

12. Mr. Horras was not compensated for his shares by either ACS nor Auxi, Inc.

## COUNT I
## BREACH OF FIDUCIARY DUTY

13. Plaintiff repleads paragraphs 1 - 12 as if fully set forth herein.

14. Upon information and belief, ACS controlled Auxi Inc. at the time of its sale in 2007.

15. Upon information and belief, ACS, through its Auxi Board Members, initiated the sale of Auxi to HHC.

16. Upon information and belief, ACS was paid for its shares of Auxi in 2007.

17. Upon information and belief, ACS breached its fiduciary responsibility to plaintiff by failing to notify him of corporate activity effecting his shares.

18. Neither ACS nor Auxi has paid plaintiff for his shares.

19. Upon information and belief, Auxi shares sold for over $20.00 per share.

20. Plaintiff was damaged by the failure to pay him for his shares.

WHEREFORE, plaintiff prays for a judgment against the defendant for compensatory damages, punitive damages, interest at the legal rate from the legal date, costs, and such other and further relief as the Court may deem just and equitable in this cause.

## COUNT II
## BREACH OF CONTRACT

21. Plaintiff repleads paragraphs 1 - 12 as if fully set forth herein.

22. Upon information and belief, ACS controlled Auxi Inc. through its Board Members.

23. Upon information and belief, ACS and/or Auxi represented all shares of Auxi would be sold to HHC.

24. Neither ACS nor Auxi, Inc. had authority to sell the plaintiff's shares.

25. Plaintiff has not been compensated for his shares.

26. Plaintiff has been damaged by defendant's failure to compensate him for his shares.

27. Upon information and belief, Auxi shares were sold for over $20.00 per share.

WHEREFORE, plaintiff prays for a judgment against the defendant for compensatory damages, interest at the legal rate from the legal date, costs, and such other and further relief as the Court may deem just and equitable in this cause.

## DEMAND FOR JURY

COMES NOW the Plaintiff in the above cause of action and requests trial by jury of all issues in this cause.

Respectfully submitted,
Thomas M. Horras, Plaintiff

By: /s/ Gail E. Boliver
Gail E. Boliver 000475
Boliver Law Firm
2414 S. Second Street
Marshalltown, IA 50158
Telephone: 641-752-7757
Facsimile: 641-752-6597
e-mail: boliver@marshallnet.com
ATTORNEYS FOR PLAINTIFF